Filed 3/4/15  P. v. Rivas CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061607 |
| v. | (Super.Ct.No. FSB1402489) |
| ARMANDO RIVAS et al., | OPINION |
| Defendants and Appellants. | |


APPEAL from the Superior Court of San Bernardino County.  Michael M. Dest, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant, Armando Rivas.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant, Silvia Arrez.

No appearance for Plaintiff and Respondent.


1

# I

## STATEMENT OF THE CASE

On May 23, 2014, a felony complaint charged: (1) defendants and appellants Armando Cerrado Rivas and Silvia Arrez with possession of a controlled substance, in violation of Health and Safety code section 11377, subdivision (a) (count 1); (2) charged Rivas with possession of a firearm by a felon, in violation of Penal Code section 29800, subdivision (a)(1) (count 2); and (3) Arrez with possession of a firearm by a felon under Penal Code section 29800, subdivision (a)(1) (count 3). The complaint also alleged that Rivas had suffered a strike and serious prior under Penal Code sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d).

On June 5, 2014, Rivas pled guilty to count 2, possession of a firearm by a felon, on the condition that he would be placed on probation for three years and serve 120 days in jail. On the same day, Arrez pled guilty to count 3, possession of a firearm by a felon, on the condition that she would also be placed on probation for three years and serve 120 days in jail.

Thereafter, the trial court sentenced both defendants according to the terms of their plea agreements. The court placed both Rivas and Arrez on probation for three years on the condition that they serve 120 days in jail. The court also imposed various fines and fees. The court awarded both Rivas and Arrez 15 actual days and 15 conduct-credit days for a total of 30 days. Both defendants waived their right to appeal.

On July 23, 2014, the trial court modified both defendants' probation to allow the "weekender/work release program."

Both defendants filed a timely notice of appeal and requested a certificate of probable cause, which the trial court denied. Thereafter, both defendants filed an amended notice of appeal based on the sentence or other matters occurring after the plea.

## II

## STATEMENT OF FACTS

On May 22, 2014, Arrez unlawfully possessed a firearm having previously been convicted of felony petty theft with priors in 2007.

On May 22, 2014, Rivas unlawfully possessed a firearm having previously been convicted of felony second-degree burglary in 2006.

## III

## ANALYSIS

After defendants appealed, and upon their request, this court appointed counsel to represent them. Counsel for both defendants have filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered both defendants an opportunity to file a personal supplemental brief, but they have not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

# IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

HOLLENHORST

J.